IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHANDA CHAPMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO.: 5:22-cv-00146-MTT ) |
| SOUTHERN INSURANCE UNDERWRITERS, INC. and GREAT LAKES SOUTHERN INSURANCE SE, Defendants. | ) ) ) ) ) ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW Defendant Southern Insurance Underwriters, Inc. ("SIU") by and through its undersigned counsel and hereby files this, its Reply in Support of Its Motion to Dismiss SIU from this suit,[1] showing the Court as follows:

**I.   INTRODUCTION**

Plaintiff filed this lawsuit asserting claims for breach of contract and bad faith against SIU and Great Lakes Insurance SE[2] ("Great Lakes"). Plaintiff's claims against SIU, however, should be dismissed and SIU should be dismissed from the Lawsuit. Under settled Georgia law, parties must be in privity of contract to assert breach of contract claims. Further, bad faith claims can only be brought by an insured against its insurers. Here, SIU has no contract with the

---

[1] By filing this Brief, SIU does not waive and continues to affirmatively assert that it has not been properly served with process in this matter and appears specially to demonstrate the fraudulent nature of its joinder.  In the unlikely event that this Motion is denied and Plaintiff still has not perfected service, SIU will separately move to be dismissed for lack of service of process and insufficiency of service of process.

[2] Great Lakes appears to be misnamed in the Complaint as Great Lakes Southern Insurance SE.

Plaintiff, and is not an insurer. Thus, there is no viable claim presented by the Plaintiff. Despite Plaintiff's attempt to twist the facts just because SIU's name is present in the Policy, SIU is only an entity which assists Great Lakes in issuing the Policy and is a surplus lines agent. Simply, SIU is an agent for Great Lakes, but does not assume any risk or subscribe to any policies. Instead, Great Lakes is the insurer and subscribes to such polices. As SIU is not Plaintiff's insurer and did not assume any risk under the Policy, no bad faith action or breach of contract can be commenced against SIU by Plaintiff. Accordingly, SIU should be dismissed from the Lawsuit.

## II.     ARGUMENT

Plaintiff seemingly asserts breach of contract and bad faith claims against Great Lakes and SIU. However, SIU did not assume any risk under the Policy, and SIU is not an insurer. Thus, Plaintiff's breach of contract and bad faith claims are not valid against SIU and should be dismissed. *Murray v. ILG Techs., LLC*, 378 F.Supp. 1227, 1237 (S.D. Ga. 2019) (stating "the doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it"); *J. Smith Lanier & Co. v. Southeastern Forge, Inc.*, 280 Ga. 508, 510 (2006) (stating bad faith claims under Georgia law insurance code, however, "are available only as between insureds and their insurers"). Plaintiff attempts to twist the language in the Policy in an attempt to show SIU subscribed and assumed the risk under the Policy. This is not the case.

Contrary to Plaintiff's arguments, the Policy does not state SIU is the insurer. The Policy does show, however, that SIU is simply an agent of Great Lakes. SIU is a surplus lines broker which is described in the Policy. *See* Policy, SLQA (02/05) (stating a surplus lines policy is one placed with an insurer that is not licensed in this state but is eligible to provide insurance "through specially licensed agents or brokers known as surplus lines brokers"). Under Georgia

2

law, surplus lines insurance, such as the insurance provided to the Plaintiff, must be procured through a licensed surplus lines broker, such as SIU. *See* O.C.G.A. § 33-5-21. Accordingly, SIU is only a surplus lines agent issuing polices on behalf of Great Lakes, which Great Lakes is required to have. SIU is not the insurer.

The Policy also states "The Insured upon knowledge of any occurrence likely to give rise to a claim hereunder shall immediately advice thereof to the Company through SOUTHERN INSURANCE UNDERWRITERS, INC….." Policy, SIU1 GK (8/08), p. 1 of 4. SIU is thus not the "Company", but rather the agent through which Plaintiff must go through to inform the Company. The Company is the insurer and is the entity that has assumed the risk under the Policy. The Policy even states, "'We', 'us' and 'our' refer to the Company providing this insurance." Policy, HO 00 03 10 00, p. 1 of 22. SIU is not the "Company" providing the insurance but is simply an agent who has no obligations under the Policy to provide insurance to the Plaintiff.

Rather, Great Lakes is the insurer. The Loss Notice submitted by the Plaintiff even lists Great Lakes as the Company with the Policy number. *See* Loss Notice, p. 1 of 2, Exhibit B to Defendants' Notice of Removal. Thus, Plaintiff knew that Great Lakes is the insurer, not SIU. SIU is not even mentioned in the Loss Notice. *Id*. Therefore, contrary to Plaintiff's argument, the Policy shows that SIU is an agent, and not an insurer. Plaintiff's ill attempt to misquote the language of the Policy out of context fails as SIU is simply an agent of Great Lakes. While SIU issues policies on behalf of Great Lakes, it does not subscribe to such policies. The Policy itself makes this clear, and Great Lakes is identified in the Policy. *See* Policy, GA HODEC (10/15). Plaintiff seems to be conflating the meanings of issuing a policy versus subscribing to a policy. An agent may issue policies on an insurer's behalf, but the insurer is the only entity which

subscribes to the Policy and is thus the only entity assuming the risk under the Policy. The insurer here is Great Lakes and Great Lakes is the only entity which subscribed to the Policy. Accordingly, because SIU is not in privity of contract with Plaintiff and is not Plaintiff's insurer, Plaintiff's breach of contract and bad faith claims are not valid against SIU. Therefore, SUI respectfully requests it be dismissed from this suit.

### III.   CONCLUSION

Based on the forgoing, there are no valid claims against SIU brought by Plaintiff. Accordingly, the Court should dismiss SIU.

Respectfully submitted, this 13th day of May, 2022.

| | |
|---|---|
| **FIELDS HOWELL LLP** <br> 665 8th Street NW <br> Atlanta, Georgia 30318 <br> Telephone: 404.214.1250 <br> Facsimile: 404.214.1251 <br> pfields@fieldshowell.com <br> gmast@fieldshowell.com | */s/ Gregory L. Mast* <br> Paul L. Fields, Jr. <br> Georgia Bar No.: 003420 <br> Gregory L. Mast <br> Georgia Bar No.: 476191 <br><br> *Counsel for Great Lakes and SIU* |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHANDA CHAPMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHERN INSURANCE ) <br> UNDERWRITERS, INC. and GREAT ) <br> LAKES SOUTHERN INSURANCE SE, ) <br> Defendants. ) <br> ) | CASE NO.: 5:22-cv-00146-MTT |

**CERTIFICATE OF SERVICE**

This is to certify that I electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Thomas F. Jarriel
PO Box 214
Macon, GA 31202-0214
tomjarriel@yahoo.com
*Attorney for Plaintiff*

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
Telephone: 404.214.1250
Facsimile: 404.214.1251
pfields@fieldshowell.com
gmast@fieldshowell.com

*/s/ Gregory L. Mast*
Paul L. Fields, Jr.
Georgia Bar No.: 003420
Gregory L. Mast
Georgia Bar No.: 476191

*Counsel for Great Lakes and SIU*